OPINION
{¶ 1} Appellants, Rachael Masek and her father Raymond, appeal the judgment of the Geauga County Court of Common Pleas. The trial court granted appellees', Jean Gehring, et al., motion for summary judgment.
{¶ 2} In 1999, appellants filed this lawsuit naming Jean Gehring, Michael Hoffarth, Jennifer S. Loehrke, and Geauga County. The lawsuit alleged defamation, fraud, negligence, civil conspiracy, and intentional and negligent infliction of emotional distress.
{¶ 3} The complaint asserted that appellees were negligent in their handling of a case involving Rachael Masek and her mother. The complaint alleged that appellees were negligent in allowing Rachael to stay with her mother when they had knowledge of the mother's suicide attempts.
{¶ 4} The complaint further asserts that appellees communicated false statements about Rachael's father, Raymond Masek, who is also a plaintiff in the case. The complaint also asserted that appellees knowingly withheld information about Rachael's situation from Raymond Masek.
{¶ 5} On September 25, 2000, appellees filed a motion for summary judgment on all counts. On October 12, 2000, appellants filed a motion to stay their response to appellees' motion for summary judgment pending appellees' compliance with appellants' discovery requests. The trial court never ruled on this motion. Appellants then filed their response in opposition to appellees' motion for summary judgment on its due date, October 20, 2000. On June 29, 2001, the trial court granted appellees' motion for summary judgment in its entirety. Appellants have timely filed an appeal of this decision.
{¶ 6} Appellants raise two assignments of error. Their first assignment of error is:
 {¶ 7} "The trial court erred to the prejudice of plaintiffs-appellants in failing to control and compel discovery."
{¶ 8} When reviewing a trial court's decision in a discovery matter, the standard of review is whether the trial court abused its discretion.[1] "The term `abuse of discretion' connotes more than an error of law or judgement; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
{¶ 9} Appellants claim they were prejudiced by the court not resolving the discovery issues before their brief in opposition to summary judgment was due. We agree.
{¶ 10} Appellants filed a renewed motion to compel discovery on September 19, 2000. Appellees responded to this motion on October 3, 2000, wherein, they stated that the motion was moot because they had responded to appellants' discovery requests. However, appellants filed a reply to this motion on October 12, 2000, which rebutted appellees' assertion that the discovery issue was moot and referenced specific interrogatory questions they believed were inadequately answered and certain documents that they requested and did not receive. The record does not show that the trial court ever ruled on appellants' renewed motion to compel discovery.
{¶ 11} Appellants also filed a request for status conference on September 26, 2000. In this motion, appellants argued that there were on-going problems with discovery. The trial court denied this motion. We note that the decision to deny this motion was well within the trial court's discretion. However, this was an additional point at which the trial court was alerted that there were potential discovery issues that needed to be resolved.
{¶ 12} In their appellate brief, appellees argue that "[i]f appellants felt that they did not have sufficient discovery evidence to respond to appellees' motion for summary judgment, then appellants should have requested an extension of time to file their brief." Appellants did
request an extension of time to file their brief in opposition. On October 12, 2000, appellants filed "plaintiff's reply to defendant's response to plaintiff's motion compelling discovery and motion to stayplaintiffs' response to defendants' motion for summary judgment pendingdefendants compliance." (Emphasis added.) Appellants referenced this pending motion to stay plaintiffs' response in their October 17, 2000 pretrial statement. The trial court did not rule on the plaintiffs' motion to stay plaintiffs' response to defendants' motion for summary judgment. Thus, appellants filed their response to defendants' motion for summary judgment on October 20, 2000, the date it was due.
{¶ 13} The record does not reflect that the trial court ever ruled on appellants' motion to stay plaintiffs' response. The trial court issued summary judgment in favor of defendants on June 29, 2001.
{¶ 14} The record specifically reveals that appellees did not
fully comply with appellants' discovery requests prior to the due date of appellants' response to the motion for summary judgment. On October 27, 2000, one week after appellants filed their response to appellees' motion for summary judgment on its due date, appellee filed "defendants' notice of submission of discovery to plaintiff Raymond J. Masek" and "defendants' notice of submission of amended discovery responses."
{¶ 15} In their briefs, both parties infer that appellee provided additional discovery documents in December 2000, after an in-camera review by the trial court and a confidentiality agreement was signed. However, the record is devoid of any documentation of this session.
{¶ 16} Appellees assert that appellants could have requested leave to amend their response to summary judgment after receiving additional discovery materials. Arguably, appellants could have filed such a motion. However, appellants had two motions pending before the court, a motion to stay and a motion to compel discovery, that were never ruled on. To shift the burden to appellants to file an additional motion, while they were waiting for the trial court to rule on two other motions that could have resolved the discovery concerns, is unreasonable.
{¶ 17} The trial court never ruled on plaintiffs' motion to stay their response to defendants' motion for summary judgment. Nor did the trial court ever rule on the plaintiffs' renewed motion to compel discovery. These failures constitute an abuse of discretion. There was an issue before the court as to discovery and the production of certain documents. Documents are usually important in preparing a response to a motion for summary judgment. The court was aware of these discovery concerns, as they were referenced in a minimum of four documents filed by appellants in the thirty-one days prior to the due date of appellants' response in opposition to appellees' motion for summary judgment. The court should have resolved this issue prior to requiring appellants to file their brief in opposition to summary judgment.
{¶ 18} Appellants' first assignment of error has merit.
{¶ 19} Appellants' second assignment of error is:
 {¶ 20} "Given defendant-appellees admission of a duty owed, was the trial court justified in its perfunctory four-word decision that `defendants were not negligent' when knowingly withheld documents and the pleadings established same."
{¶ 21} Having found merit in Appellants' first assignment of error, this assignment of error is now moot.
{¶ 22} The judgment of the trial court is reversed. The case is remanded to the trial court to first rule on appellants' motions regarding discovery and then to allow appellants ample time to respond to appellees' motion for summary judgment.
DONALD R. FORD, J., concurs, JUDITH A. CHRISTLEY, J., concurs in judgment only with Concurring Opinion.
[1] Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.